IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT WESLEY JACKSON, #1940448 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv283 |
| WILLIAM STEPHENS, ET AL. | § | |

## ORDER OF DISMISSAL

Plaintiff Robert Wesley Jackson, an inmate previously confined at the Beto Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation (Dkt. #42) concluding that the Defendants' motion for summary judgment (Dkt. #40) should be granted. Mr. Jackson has filed objections (Dkt. #43).

Mr. Jackson alleges that the Defendants placed his life in danger. He was assigned to the Beto Unit on January 25, 2015. He told prison officials that members of the Bloods gang had threatened him, and he refused his housing assignment. Prison officials placed him in a transient cell. Upon his release from the transient cell, he was immediately harassed by members of the gang. On March 17, 2015, he was attacked by members of the gang. His injuries included a broken jaw. He argues that the Defendants were deliberately indifferent to his safety in violation of the Eighth Amendment.

1

The competent summary judgment evidence submitted by the Defendants reveals that Plaintiff was placed in a transient cell while an Offender Protection Investigation ("OPI") was conducted. Lt. Stanley Smith conducted the investigation beginning on January 30, 2015. He spoke with Plaintiff and conducted random interviews of offenders. He was unable to substantiate Plaintiff's claims. The Unit Classification Committee, nonetheless, had Plaintiff housed on another wing. The Defendants received nothing else from Plaintiff leading them to believe that his life was in danger. Warden Harris observed that despite their best efforts, officials are unable to prevent all violence between offenders. He states that it is unfortunate that Plaintiff was harmed by offenders on the new wing. Another OPI was conducted following the attack, and Plaintiff was transferred to another unit.

Judge Mitchell found that the facts of the case do not support an inference of deliberate indifference. She further found that the Defendants are entitled to summary judgment based on qualified immunity. In his objections, Plaintiff reiterated that he told officials that his life was in danger on January 30, 2015. He stressed that the Defendants knew that his life was in danger, and the gang members thought that he was snitching when he gave prison officials a statement. He stresses that gang members carried out their threats and assaulted him on March 17, 2015. He complains in his objections that the Defendants failed to protect him.

The Eighth Amendment affords prisoners protection against injury at the hands of other inmates. *Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625 (1983); *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's

safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994). Instead, the standard to employ is whether prison officials were "deliberately indifferent" to the safety needs of an inmate. *Id*. "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, 114 S. Ct. at 1979. A prison official may avoid liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844, 114 S. Ct. 1982-83. A prisoner does not have a basis for a civil rights claim for failure to protect simply because he disagrees with the classification decision made by classification officials. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

In the present case, Mr. Jackson informed prison officials that his life was in danger on January 30, 2015. Prison officials did not ignore him or summarily dismiss his claims; instead, they were responsive to his claims. They conducted an investigation and placed him in a transient cell while his claims were investigated. In the end, his claims were not substantiated; nonetheless, officials still took steps to protect him by assigning him to another wing on the prison unit. Prison officials responded reasonably to the risk, even though the harm ultimately was not averted. The facts of this case, viewed in a light most favorable to Plaintiff, do not support a claim of deliberate indifference. Plaintiff's objections lack merit, and the Defendants are entitled to summary judgment.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and

having made a *de novo* review of the objections raised by Mr. Jackson to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Jackson's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the Defendants' motion for summary judgment (Dkt. #40) is **GRANTED** and the complaint is **DISMISSED** with prejudice. All motions not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 4th day of May, 2017.**

_____
Ron Clark, United States District Judge